TERRITORY, Defendant in Error, v. ELY, Plaintiff in Error.

1. Evidence — Mortgage — Subscribing Witness — Criminal Law.

In a prosecution for obtaining property under false pretenses, the pretenses being with reference to the transfer of an alleged fraudulent mortgage, the court admitted the mortgage in evidence without calling subscribing witnesses. *Held*, proper.

2. False Pretenses — Defense — Sufficiency.

Though one might be personally liable on his assignment of an instru-

ment, still, that would furnish no defense for obtaining money under false pretenses by means of the assignment.

### 3. Trial — Argument of Counsel — Appeal to Prejudice.

In a prosecution for obtaining property under false pretenses by means of a mortgage which the defendant claimed was given to him for a patent right, the prosecuting attorney, in his closing argument to the jury, stated: " Some one has said there are three kinds of robbers; daylight robbers, robbers in the night and patent-right robbers." *Held*, these remarks would not warrant granting a new trial.

(Argued and determined at the February Term, 1889.)

ERROR to the district court, Beadle county; Hon. JAMES SPENCER, Judge.

The plaintiff in error, Irving W. Ely, was indicted for obtaining property under false pretenses. It appeared one Miles, the prosecuting witness, sold to him certain personal property for $500. Part of the consideration paid, $220, was cash, and the balance consisted of a note, $280, payable to the order of Ely, secured by a chattel mortgage, which Ely assigned to Miles. Both instruments appeared to have been executed by one L. Braddock. The false pretenses were predicated on the passing of this note and mortgage off on to Miles. It was charged in the indictment that the defendant represented the instruments to be genuine, and the property described in the mortgage to be in existence, all of which representations, it was alleged, were false. The mortgage purported to have been executed in the presence of two witnesses. The prosecution offered it in evidence without calling either of the subscribing witnesses. . The defendant objected to its introduction on the ground that no foundation had been laid — " no proof of instrument." The objection was overruled and an exception taken. The record showed no claim, or offer of proof on the part of the prosecution, that the signatures of the witnesses were not genuine.

The prosecution made no proof that the note and mortgage had been presented to the defendant, or that he had failed, or refused, to pay them. The defendant testified on this point that the instrument had not been tendered back to him; that he had never been called upon to pay the note. He also testified : " I have always been ready and willing to fulfill my contract of indorsement on that note. Am ready to pay it now." The indorsement referred to was in these words: " Huron, April 8, 1886. I hereby

assign all my interest in the within note to M. H. Miles, with recourse. Irving W. Ely." The note was dated March 19, 1886, and matured October 19, 1886.

The defendant testified he obtained the note and mortgage from Broaddock, the mortgagor, on the sale to him of a patent right. At the time of the trial the defendant testified he was a farmer by occupation. The district attorney, in his closing argument to the jury, stated : " Some one has said that there are three kinds of robbers : daylight robbers, robbers in the night, and patent right robbers." Defendant, by his counsel, asked an exception to these remarks, whereupon the court stated: " You may have the exception." The court in its charge to the jury made no reference to the remarks.

The defendant having been convicted, and his motion for a new trial overruled, sued out this writ after the rendition of final judgment.

*A. B. Melville*, for plaintiff in error.

The subscribing witnesses should have been called. Jackson v. Waldron, 13 Wend. 178, 196 ; Willoughby v. Carleton, 9 Johns. 136 ; Jones v. Underwood, 28 Barb. 481 ; Hodmett v. Smith, 41 How. Pr. 190 ; King v. Smith, 21 Barb. 158 ; Van Dyke v. Thayer, 19 Wend. 162 ; Shuby v. Champlain, 4 Johns. 461 ; True v. Druse, 4 Wend. 313 ; Losee v. Losee, 2 Hill, 609 ; Huy v. Hendrics, 3 Cal. 427 ; Stevens v. Trevin, 12 id. 306.

If Miles could have recovered from the defendant, he was not defrauded. People v. Walker, 28 N. W. Rep. 873. Ely's indorsement of the note was a conditional undertaking, and there was no liability until after he was in default. 3 Kent, 88 ; Story, Prom. N., § 135.

There should be a new trial because of the remarks of the prosecuting attorney to the jury. Smith v. People, 8 Pac. Rep. 920 ; Sasse v. State, 32 N. W. Rep. 849 ; People v. Ovid, 25 id. 302 ; Clark v. State, 5 S. W. Rep. 115.

*T. L. Skinner, Attorney-General*, and *W. B. Sterling*, for defendant in error.

The mortgage was not offered to prove its genuineness, but as a

part of the transaction by which Miles was defrauded. Subscrib-
ing witnesses in such case need not be called. People v. Marian,
29 Mich. 31 ; People v. Sharp, 19 N. W. Rep. 168.

That Miles might be able to collect the amount of the note and
mortgage from Ely was immaterial to the issue of the latter's
having defrauded the former. Commonwealth v. Coe, 115 Mass.
481 ; Commonwealth v. Tenney, 97 id. 50 ; Commonwealth v.
Mason, 105 id. 103 ; State v. Thatcher, 35 N. J. L. 445 ; S. C.,
1 Green, C. L.

The control of the matter of argument is largely in the discre-
tion of the trial court. There is nothing here that would warrant
interference. Epps v. State, 1 N. E. Rep. 492 ; Scripps v. Reiley,
35 Mich. 371 ; Kairns v. Trustees, 5 N. W. Rep. 838 ; Rehberg
v. Mayor, 2 N. E. Rep. 11 ; Anderson v. State, 7 id. 62. The re-
marks could have no application to the defendant, as he was before
the jury as a farmer, not a patent right vender.

By the COURT :
The judgment of the lower court is affirmed :

1. This court holds there was no error in receiving the mort-
gage in evidence without the production of the subscribing wit-
nesses — this being a criminal case and the action not being
founded upon that instrument.

2. It was no defense that the prosecuting witness might event-
ually recover for the injury sustained.

3. The language of the district attorney to the jury was not of
a character to warrant a new trial. All concur except McCONNELL
and SPENCER, JJ., not sitting.